UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE HAWKINS,<br><br>  Plaintiff,<br><br>  v.<br><br>MOSQUEDA,<br><br>  Defendant. | Case No. 5:21-cv-01741-FWS-DFM<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

### I. Introduction and Relevant Procedural History

Before the Court is the Magistrate Judge's June 23, 2023, Report and Recommendation ("Report and Recommendation") (Dkt. 36), regarding the Motion for Summary Judgment ("Motion") (Dkt. 27) filed by Defendant Deputy Mosqueda ("Defendant"), in reference to the claims of Plaintiff Terrence Hawkins ("Plaintiff") as stated in the Complaint, ("Complaint") (Dkt. 1). Based on the state of the record, as applied to the applicable law, the court adopts the Report and Recommendation issued by the Magistrate Judge, including each of the findings of fact and conclusions of law therein.

On or about October 14, 2021, Plaintiff filed the Complaint. (Dkt. 1.) On or about December 21, 2022, Plaintiff filed a "Statement of Genuine Disputes" (the "Plaintiff's Statement"). (Dkt. 26.) On January 26, 2022, Defendant filed the Motion, along with a Statement of Uncontroverted Facts and Conclusions of Law ("Defendant's Statement"). (Dkt. 28). On March 13, 2023, Plaintiff opposed the Motion ("Opposition"). (Dkt. 30.) On March 27, 2023, Defendant filed a Reply in support of the Motion. (Dkt. 31.) On April 28, 2023, Defendant filed the Declaration of Sergeant Jessica Yelenich in Response to Court Order Requiring Submission of Additional Evidence (the "Declaration") in support of the Motion . (Dkt. 33.) On June 23, 2023, the Magistrate Judge issued the Report and Recommendation. (Dkt. 36.) On July 12, 2023, Plaintiff filed Objections to the Report and Recommendation ( "Objections"). (Dkt. 37.) On July 19, 2023, Defendant filed a Response to Plaintiff's Objections (the "Response") to the Report and Recommendation . (Dkt. 38.)

### II. Analysis

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

In the Report and Recommendation, the Magistrate Judge recommends "granting Motion for Summary Judgment" and "dismissing this case without prejudice." (Dkt. 36 at 11.) More specifically, the Magistrate Judge concluded "Plaintiff failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable." (*Id.*)

In the Objections, in summary, Plaintiff asserts that he "did exhaust his administrative remedies as far as they would let me." (Dkt. 37 at 2.) In the Response, Defendant argues that "[n]othing in Plaintiff's Objection refutes the Magistrate Judge's finding that there is no genuine dispute as to Plaintiff's failure to comply with the administrative exhaustion requirements of the [Prison Litigation Reform Act]" and

"Plaintiff never explicitly challenged any factual finding of the Magistrate Judge." (Dkt. 38 at 2.)

In this case, after conducting a *de novo* review of the Objections and the Response, the court agrees with each of the findings of fact and conclusions of law set forth in the Report and Recommendation, including the recommendations that "the District Judge issue an Order: (1) accepting this Report and Recommendation; (2) granting Defendant's Motion for Summary Judgment, and (3) dismissing this case without prejudice." (Dkt. 36 at 11.)  Accordingly, the contents of the Objections are **OVERRULED** on their merits.

In sum, pursuant to 28 U.S.C. § 636, the Court has reviewed the record, including the Report and Recommendation, Plaintiff's Statement, the Motion, Defendant's Statement, the Opposition, the Reply, the Declaration, the Objections, and the Response, and the other records of the case.  After conducting a *de novo* determination of the portions of the Report and Recommendation to which Plaintiff's Objections pertain, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge in the Report and Recommendation.

### III.  Conclusion

Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein.  Accordingly, the Court **GRANTS THE MOTION** and **DISMISSES THE CASE WITHOUT PREJUDICE** .

**IT IS SO ORDERED**.

Dated:  July 31, 2023

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE